**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| **JOSE GUZMAN SALCEDO,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 08-814 (RMC)** |
| | ) | |
| **CHARLES O. ROSSOTTI,** *et al.,* | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**MEMORANDUM OPINION**

Plaintiff, a prisoner proceeding pro se and in forma pauperis, asserts claims under 42 U.S.C. §§ 1983 and 1985 against four named individuals and five unknown persons, each in both his official and individual capacities, alleging violations of plaintiff's constitutional rights under the Second, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, and Fourteenth Amendments to the Constitution. The named defendants have filed a motion to dismiss on multiple grounds, and the plaintiff has filed two oppositions in response. While the defendants have moved for dismissal for failure to effect proper service on the defendants in their individual capacities and for lack of personal jurisdiction, because effective service is, in part, the responsibility of the United States Marshal Service in an in forma pauperis case, the Court does not base its decision on those grounds. However, because the Complaint does not state a claim upon which relief may be granted, the defendants' motion will be granted and the Complaint will be dismissed.[1]

_____

[1] This dismissal will count as a "strike" for purposes of 28 U.S.C. § 1915(g).

# I. BACKGROUND

The parts of the 46-page Complaint ("Compl.") that pertain to these defendants allege that the former Commissioner of the Internal Revenue Service ("IRS") and other agents of the United States Department of the Treasury conspired to cause false charges to be filed against the plaintiff in March 2002, which led law-enforcement officers to search and seize some of plaintiff's property, none of which has been returned although the charges have been dropped. According to factual allegations in the Complaint, in June 2001, the plaintiff attempted to have an unscheduled meeting with the IRS Commissioner at his office in Washington, D.C., for the purpose of determining whether Commissioner Charles Rossotti was in fact another person, a Texas businessman named Charles R. Ofner.[2] Compl. at 1. When that meeting was refused, the plaintiff attempted to see Commissioner Rossotti's wife at her place of business in Washington, a private law firm. *Id.* at 7. After that meeting was also refused, plaintiff attempted to meet with several federal legislators, none of whom was available to meet with him. *Id.* When plaintiff returned to his hotel, he received a call from defendant Steve Geary, an agent from the Treasury Department's Inspector General's office, who asked plaintiff to come to Geary's office. *Id.* Plaintiff declined, and Geary, accompanied by defendant Timothy Camus and the five unnamed defendant agents, "forced" plaintiff to meet with them in the hotel lobby. *Id.* During this meeting, the unknown agents made

---

[2] The plaintiff believes that Ofner defrauded him. Compl. at 4. Based on the Complaint's allegations, it appears that after asking the IRS to investigate Ofner (and others) and being dissatisfied with the lack of response, *id.* at 3, plaintiff came to the conclusion, aided by photos from the internet, that Ofner and Rossotti were the same person, *id.* at 6. Plaintiff believes, albeit mistakenly, that he has a right to "receive" an investigation of persons he reports to the IRS. *Id.* at 3; *see also id.* at 13. It appears that plaintiff has inferred wrong-doing by the IRS Commissioner because the requested investigations were not undertaken.

terrorist threats against Plaintiff on how he should not pursue an investigation against the Commissioner and his wife. There were also comments that the Plaintiff needed brain surgery. This interview lasted approximately 45 minutes and was recorded by the agents . . . .

*Id.*

Nearly nine months later, on March 10, 2002, an anonymous tip to law-enforcement officials "that Plaintiff was holding his family hostage within their residence," *id.* at 8, resulted in plaintiff's arrest and subsequent searches and seizures of plaintiff's property, including a property in Mexico. *Id.* at 8-10. One of these searches and seizures involved another named defendant in this case, Luke Yoo, an IRS agent in the criminal division, *id.* at Ex. D, who, with other law-enforcement officials from other agencies, allegedly tricked the plaintiff into making a wire transfer of plaintiff's money into an account held by the San Bernardino County Sheriff's Department. *Id.* at 9-10. State criminal charges preferred against the plaintiff were later dismissed.[3] *Id.* Plaintiff "argues that it is clear" from his Complaint that "the Officers initiated a plan" to search and seize plaintiff's property,

---

[3] The Court accepts as true the allegation that criminal charges related to the subject of the "anonymous tip" — keeping plaintiff's family hostage — were later dismissed, Compl. at 8, and understands that plaintiff's current incarceration is for a conviction that he describes as "unrelated" to this civil suit, Pl.'s Motion for Reconsideration at 4. Actually, Plaintiff's confinement is pursuant to a state court criminal sentence to 20 years' imprisonment, after a jury convicted him of

> two counts of exhibiting a firearm in the presence of a police officer, possession of a concealed firearm, assault on a peace officer with a semiautomatic firearm, assault with a deadly weapon, possession of a controlled substance with a firearm, and possession of a firearm in a school zone.

Report and Recommendation of United States Magistrate Judge at 2, *Salcedo v. Ollison*, Case No. 06-1068-GPS (AGR) (C.D. Cal. Jan. 30, 2008) (recommending that plaintiff's petition for habeas corpus be denied) ("Rep. & Rec."). Those charges stemmed from plaintiff's unlawful conduct during, and subsequent searches and seizures stemming from, the March 10, 2002 encounter with law-enforcement officials, which was triggered by an anonymous 911 call, *see* Rep. & Rec. at 4, referenced in the Complaint, *see* Compl. at 8.

*id.* at 11, "in order to put Plaintiff in prison and protect the illicit activities" of Commissioner Rossotti/Ofner, *id.* at 3.

The Complaint in this case was submitted for filing on April 28, 2008. In major part, it is a photocopy of a Complaint previously submitted in the United States District Court for the Central District of California. *Compare* Compl. at 11-46 *with* Compl. at 13-51, appended to Order, *Salcedo v. 1 Through 10*, Civil Case No. 07-1478 (C.D. Cal. April 2, 2008). It is unclear whether the court's action in the earlier-filed case operates to bar this litigation on the grounds of res judicata. *See Cieszkowska v. Gray Line New York,* 295 F.3d 204, 206 (2d Cir. 2002) (holding that a dismissal under 28 U.S.C. §§ 1915 or 1915A for failure to state a claim upon which relief may be granted operates as a decision on the merits for res judicata purposes and citing cases). The district court in California did not dismiss the Complaint per se for failure to state a claim, but instead denied the application to proceed in forma pauperis on the ground that the Complaint did not state a claim upon which relief could be granted. *See* Order at 1, *Salcedo v. 1 Through 10*, Civil Case No. 07-1478 (C.D. Cal. April 2, 2008). That court's determination was explained only by a five-sentence statement specifically noting that the claims were time-barred and that some of the defendants (who are not named in the instant case) were not state actors. Neither of those grounds provides a basis for the decision in this case. Therefore, in an abundance of caution, this Court proceeds to make a determination on the merits of this Complaint.

## II. LEGAL STANDARD

On a motion to dismiss for failure to state a claim upon which relief may be granted, a pro se complaint must be liberally construed in favor of the plaintiff. *Haines v. Kerner,* 404 U.S. 519, 520 (1972). Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a court to dismiss a complaint if it fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (internal quotation marks and citations omitted). In determining whether a complaint fails to state a claim upon which relief may be granted, generally a court "must accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus,* 551 U.S. 89, ___, 172 S. Ct. 2197, 2200 (2007), and "grant plaintiffs the benefit of all inferences that can be derived from the facts alleged," *Kowal v. MCI Communications Corp.,* 16 F.3d 1271, 1276 (D.C. Cir. 1994). There are limits and exceptions, however. First, a court need not accept inferences drawn by the plaintiff if those inferences are unsupported by facts alleged in the complaint. *Kowal v. MCI Communications Corp.,* 16 F.3d at 1276. Second, a court need not accept a plaintiff's legal conclusions. *Id.* "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." *Bell Atlantic Corp. v. Twombly,* 550 U.S. at 555 (quoting Fed. R. Civ. P. 8.). It requires a "showing" and not just a blanket assertion of a right to relief. *Id.* at 555 n.3. In short, a complaint fails "if it tenders naked assertions devoid of further factual enhancements." *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009) (internal quotation marks and alterations omitted).

In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Id.* at 1950. Third, where, as here, a plaintiff is proceeding in forma pauperis, a court has "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless" or describe "fantastic or delusional scenarios." *Neitzke v. Williams,* 490 U.S. 319, 327 (1989).

## III. ANALYSIS

In keeping with the obligation to liberally construe a pro se complaint, because all of the defendants were federal agents, not state actors, at the relevant time, the Court construes this Complaint as one brought under *Bivens v. Unknown Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971). Because *Bivens* does not afford a cause of action against federal officials in their official capacity, the claims against the defendants in their official capacities cannot survive, leaving only the personal capacity suits for further analysis. *See Wormley v. United States,* 601 F. Supp. 2d 27, 34 n.8 (D.D.C. 2009) (dismissing the official capacity claims under *Bivens* against the federal defendants and leaving only the individual capacity suits); *Majhor v. Kempthorne,* 518 F. Supp. 2d 221, 244-45 (D.D.C. 2007) (stating that "a *Bivens* action may be maintained against a defendant only in his or her individual capacity, and not in his or her official capacity") (internal quotation marks omitted).

The Complaint alleges that the unnamed defendants made "terrorist threats." Compl. at 2, 7. Liberally construed, this is a legal conclusion, and therefore entitled to no assumption of truth. The factual allegations offered in support of that statement allege only that

> there were terrorist threats made against Plaintiff on how he should not pursue an investigation against the Commissioner and his wife. There were also comments that Plaintiff needed brain surgery.

*Id.* at 7. These factual allegations do not plausibly give rise to an entitlement to relief. Advising someone to cease his private investigation and consider brain surgery may be unprofessional and even rude, but it does not constitute a "terrorist threat" and does not describe a situation that plausibly suggests a violation of any of the plaintiff's constitutional rights. *See Ashcroft v. Iqbal,* 129 S. Ct. at 1950.

The Complaint also alleges that the named defendants conspired to manufacture and maintain false charges against the plaintiff, depriving plaintiff of his property. Compl. at 2, 8. These conclusory statements are naked assertions without factual support. The Complaint does no more to tie the defendants to the alleged wrong-doing than to state that

> on March 10, 2002, Plaintiff was faced with a number of serious problems by various law enforcement agencies, who[] manufactured false information in order to enter upon Plaintiff's property alleging that they had received a phone call from an unknown source, that Plaintiff was holding his family hostage within their residence, which upon entry escalated into a serious situation, and for no valid reason, as the allegation was in fact false. In turn, false criminal charges were maliciously fabricated against Plaintiff, in order to put Plaintiff in prison and protect their illicit activities.

*Id.* at 8. On this basis, the Complaint concludes that

> it is clear from the above, that the Officers initiated a plan on how to enter upon and into Plaintiff's property, residence and bank accounts, to take money, and other items of value or monetary concern, including legal document information regarding the lawsuits.

*Id.* at 11. These vague, "naked assertions devoid of factual enhancements" are wholly conclusory and not entitled to the assumption of validity. *Ashcroft v. Iqbal* 129 S. Ct. at 1950. Furthermore, as alleged, they are incapable of plausibly giving rise to an entitlement for relief for a constitutional violation.

To the extent that the Complaint intends to assert claims either against Commissioner Rossotti for defrauding the plaintiff by acting through his alleged other persona, Ofner, or against Agent Yoo for participating with other law-enforcement officials to trick the plaintiff into executing a wire transfer of plaintiff's money to the San Bernardino Sheriff Department's bank account, the Court finds that these claims describe "fantastic or delusional scenarios" that are properly dismissed as frivolous on the Court's authority under 28 U.S.C. §§ 1915(e)(2)(B)(i), 1915A(b)(1) (requiring dismissal of frivolous claims) and *Neitzke v. Williams,* 490 U.S. at 327 (holding that 28 U.S.C. § 1915(e) grants judges "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless").

## IV. CONCLUSION

Because the Complaint fails to state a claim against these defendants upon which relief may be granted, the defendants' motion will be granted and the Complaint will be dismissed. All other pending motions will be denied as moot. A separate order accompanies this memorandum opinion.

DATE: July 20, 2009             /s/
                                          ROSEMARY M. COLLYER
                                          United States District Judge