**Danny WALLER, Appellant,**

v.

**Michael GROOSE; Robert Acree; Henry Jackson, Appellees.**

No. 94-1604.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 13, 1994.

Decided Oct. 26, 1994.

---

Danny Waller, pro se.

Bruce Farmer, and Barbara Holway Frazier, Asst. Attys. Gen., Jefferson City, MO, for appellee.

Before MAGILL, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

PER CURIAM.

Danny Waller, an inmate at the Jefferson County Correctional Center in Jefferson City, Missouri, appeals the district court's dismissal of his 42 U.S.C. § 1983 suit of improper discipline for a conduct violation. A similar previous suit was dismissed as frivolous under 28 U.S.C. § 1915(d). Because we find that Waller's second suit is frivolous, we dismiss it under 28 U.S.C. § 1915(d). We therefore modify and affirm the district court's dismissal of Waller's second suit.

■ We may affirm the judgment on any grounds supported by the record, even if not relied upon by the district court. *Monterey Dev. v. Lawyer's Title Ins. Co.*, 4 F.3d 605, 608 (8th Cir.1993). The district court disposed of Waller's second suit by way of summary judgment under Fed.R.Civ.P. 56, holding that Waller's claim was barred by res judicata. Res judicata (claim preclusion) bars relitigation of a claim where four conditions are satisfied:

> (1) the first suit resulted in a final judgment on the merits; (2) the first suit was based on proper jurisdiction; (3) both suits involved the same cause of action; and (4) both suits involved the same parties or their privies.

*Lovell v. Mixon*, 719 F.2d 1373, 1376 (8th Cir.1983). The district court's application of res judicata to preclude Waller's claim was improper because "a § 1915(d) dismissal is not a dismissal on the merits, but rather an exercise of the court's discretion under the *in forma pauperis* statute." *Denton v. Hernandez*, —— U.S. ——, ——, 112 S.Ct. 1728, 1734, 118 L.Ed.2d 340 (1992).

■ Although a § 1915(d) dismissal does not bar future litigation over the merits of a paid complaint making the same allegations as the dismissed complaint, a § 1915(d) dismissal has res judicata effect "on frivolousness determinations for future *in forma pauperis* petitions." *Id.* Accordingly, we hold that the § 1915(d) dismissal of Waller's first claim has res judicata effect and establishes that Waller's second, identical claim is frivolous for § 1915(d) purposes. We dismiss Waller's claim as frivolous under § 1915(d). Accordingly, the judgment of the district court is affirmed as modified.