No. 95-3314

Seth Paskon, M.D.,                    *
                                      *
               Appellant,             *
                                      *   Appeal from the United States
          v.                          *    District Court for the
                                      *   Eastern District of Missouri.
George Bay, Judy Thompson,      *
Jim Hocker, Fern Highley,       *           [UNPUBLISHED]
Denton Hushaw, Roger Barr,       *
Dennis Fiebelman, Leon           *
Kreisler, Joe Hayes, Salem       *
Memorial District Hospital,      *
                                      *
               Appellees.            *


Submitted:  March 11, 1996

Filed: July 17, 1996


Before MAGILL, HEANEY, and MORRIS SHEPPARD ARNOLD, Circuit Judges.


**PER CURIAM**.

     Seth Paskon, a medical doctor, filed a section 1983 claim in federal court against Salem Memorial District Hospital and several hospital board directors (defendants) after they denied him medical staff privileges at the hospital.  He alleges that their actions violated his procedural and substantive due process rights under the Fourteenth Amendment and his First Amendment free speech rights.  Under supplemental jurisdiction, he also asserts a state tort claim against the defendants.  For the alleged violations, Paskon seeks only monetary damages, not reinstatement or any other form of equitable relief.

When Paskon initiated his suit in federal court, he was already involved in state court review of the defendants' actions. In consideration of the state proceedings, the district court relied on the Younger abstention doctrine to dismiss Paskon's complaint. Younger v. Harris, 401 U.S. 37, 44 (1971). Recently, in Quackenbush v. Allstate Insurance Co., 116 S.Ct. 1712 (1996), the Supreme Court decided that a federal court has the power to abstain from exercising its jurisdiction only if the relief sought is equitable or otherwise discretionary.[1] Id. at 1728. In light of Quackenbush, the district court's dismissal of Paskon's claim on abstention grounds cannot stand.

As an alternative basis for affirming the district court's decision, the defendants urge us to consider the preclusive effect of the administrative findings and state court review. While we recognize our authority to affirm a judgment on any ground supported by the record, e.g., Waller v. Groose, 38 F.3d 1007, 1008 (8th Cir. 1994), the record in this case has not been developed adequately for consideration of res judicata. Specifically, the record does not contain the state court pleadings, the state court's order vacating the administrative decision, or the hearing transcript from the subsequent administrative hearing and the record on appeal. Without these documents, it is impossible to engage in the appropriate analysis. We thus reverse the district court's dismissal of Paskon's complaint based on abstention and remand the case for such future proceedings as the district court deems appropriate.

---

[1]After deciding Quackenbush, the Supreme Court also vacated our decision in Warmus v. Melahn, 62 F.3d 252 (8th Cir. 1995), in which we found Younger abstention applicable to a section 1983 claim seeking damages only. Warmus v. Melahn, 1996 WL 306797 (U.S. June 10, 1996).

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.