Joanna CIESZKOWSKA,
Plaintiff–Appellant,

v.

GRAY LINE NEW YORK,
Defendant–Appellee.

Docket No. 02–7041.

United States Court of Appeals,
Second Circuit.

Argued: June 21, 2002.
Decided: July 03, 2002.

Joanna Cieszkowska, pro se, New York, NY, for appellant.

Diane Windholz, Jackson Lewis Schnitzler & Krupman, New York, NY, for appellee.

Before McLAUGHLIN, CALABRESI, and B.D. PARKER, Jr., Circuit Judges.

PER CURIAM.

Plaintiff Joanna Cieszkowska appeals a judgment of the United States District Court for the Southern District of New York (Preska, J.), dismissing her complaint, filed *in forma pauperis*, for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2) because the complaint was barred by *res judicata*.

In December 1997, plaintiff was terminated from her employment as a tour guide for Gray Line New York ("Gray Line") allegedly because of her falsification of her time records. Proceeding *pro se*, plaintiff filed an action *in forma pauperis* against Gray Line in January 2000, claiming wrongful discharge, discharge without cause, and defamation of a professional reputation. She further contended that Gray Line erroneously "garnished" her wages by incorrectly calculating her work hours. She did not assert, however, that she was discharged as a result of discrimination on the basis of national origin. The district court dismissed her complaint pursuant to 28 U.S.C. § 1915(e)(2) ("[T]he court shall dismiss the case at any time if the court determines that ... the action or appeal ... fails to state a claim on which relief may be granted."). The court found that the allegation of improper wage garnishing failed to state a claim under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, and that no private right of action for a claim existed under the Consumer Credit Protection Act, 15 U.S.C. § 1671 *et seq.* The court also determined that the plaintiff's claim that she was defamed failed to state a federal cause of action. The district court's dismissal was summarily affirmed on appeal.

On November 3, 2000, plaintiff filed the instant complaint against Gray Line *in forma pauperis*, alleging, *inter alia*, that Gray Line engaged in unlawful discrimination by wrongfully discharging her on the basis of national origin. The district court issued an order dismissing the complaint pursuant to § 1915(e), on the grounds that plaintiff's claims focused on essentially the same facts as those asserted in her first federal complaint, and, hence, were barred by *res judicata* under *Denton v. Hernandez*, 504 U.S. 25, 34, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992) (finding that a dismissal under § 1915(e), while not a dismissal on the merits, could have a *res judicata* effect on subsequent actions filed *in forma pauperis* ). The lower court also denied plaintiff's motion for reconsideration, concluding that plaintiff did not show the existence of an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.

We review *de novo* a dismissal under § 1915(e). *Neal v. Goord*, 267 F.3d 116, 119 (2d Cir.2001). Under § 1915, "the court shall dismiss the case at any time if the court determines that ... the action or appeal ... fails to state a claim on which relief may be granted." § 1915(e)(2)(B)(ii). Under the doctrine of *res judicata*, "once a final judgment has been entered on the merits of a case, that judgment will bar any subsequent litigation by the same parties or those in privity with them concerning the transaction, or series of connected transactions, out of which the [first] action arose." *Maharaj v. Bankamerica Corp.*, 128 F.3d 94, 97 (2d Cir.1997) (internal quotation marks omitted) (alterative in original). This principle prevents a plaintiff from litigating claims that were or could have been raised in a prior action against the same defendant. *L–Tec Elecs. Corp. v. Cougar Elec. Org., Inc.*, 198 F.3d 85, 87–88 (2d Cir.1999) (per curiam). "Even claims based upon different legal theories are barred provided they arise from the same transaction or occurrence." *Id.* at 88. In *Denton*, the Supreme Court

held that, while a dismissal under § 1915(e) "does not prejudice the filing of a paid complaint making the same allegations," it "could, however, have a *res judicata* effect on frivolousness determinations for future *in forma pauperis* petitions." 504 U.S. at 34, 112 S.Ct. 1728. Following *Denton*, various circuits have so held. *See Okoro v. Bohman*, 164 F.3d 1059, 1062 (7th Cir.1999); *Marts v. Hines*, 117 F.3d 1504, 1505 n. 8 (5th Cir.1997); *Waller v. Groose*, 38 F.3d 1007, 1008 (8th Cir.1994); *Brown v. Briscoe*, 998 F.2d 201, 203 (4th Cir. 1993). We agree with the reasoning of these courts.

■ In the instant case, the factual predicates of plaintiff's allegations in the first and second complaints involve the same events concerning her employment, pay history, and termination. Although she raises a new legal theory in her second complaint, namely her claim of discrimination on the basis of nation origin, Cieszkowska could have brought that cause of action in her prior action. Accordingly, the claims in her second *in forma pauperis* complaint are now barred by *res judicata*, and the district court properly dismissed her complaint under § 1915(e).

Defendant requests that we sanction plaintiff for her pursuit of this litigation. We decline to do so at this juncture.

Having reviewed all of plaintiff's claims and finding them to be without merit, we AFFIRM the judgment of the district court granting summary judgment for defendant.