John D. BELLANICH, Plaintiff–Appellant,

v.

John DOE, at Bronx V.A. Medical Center; Maker of Silastic Chin Implant, Defendant–Appellee.

No. 05–3503–CV.

United States Court of Appeals, Second Circuit.

Feb. 3, 2006.

John D. Bellanich, New York, NY, pro se.

Michael J. Garcia, United States Attorney for the Southern District of New York (Wendy H. Waszmer and Sarah S. Normand, Assistant United States Attorneys) New York, NY, for defendant-appellee, of counsel.

PRESENT: Hon. PIERRE N. LEVAL, Hon. SONIA SOTOMAYOR, Circuit Judges, and Hon. MARK R. KRAVITZ, District Judge.[1]

---

1. The Honorable Mark R. Kravitz, United States District Judge for the District of Connecticut, sitting by designation.

*SUMMARY ORDER*

Plaintiff-appellant John D. Bellanich, *pro se*, appeals from a *sua sponte* judgment of the district court dismissing his complaint under the Federal Tort Claims Act ("FTCA"). We assume the parties' familiarity with the facts of this case, its relevant procedural history, and the issues on appeal.

District courts may *sua sponte* dismiss complaints filed *in forma pauperis* where the complaint: (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B) is reviewed *de novo*. *Cieszkowska v. Gray Line New York*, 295 F.3d 204, 205 (2d Cir.2002).

The district court properly concluded that it lacked subject matter jurisdiction over Bellanich's tort claim against the Veterans Administration because Bellanich failed to allege or demonstrate that he had timely exhausted administrative remedies under the FTCA. *Johnson v. Smithsonian Inst.*, 189 F.3d 180, 189 (2d Cir.1999). Bellanich did not address this issue in his motion for reconsideration; nor did the papers he submitted to this Court address the district court's conclusion that it lacked subject matter jurisdiction over his tort claim. Because the district court determined that it lacked jurisdiction over Bellanich's federal claims, it correctly declined to exercise jurisdiction over any of Bellanich's state law product liability claims. A district court may decline to exercise supplemental jurisdiction over state law claims when it has dismissed all claims

over which it had original jurisdiction. *See* 28 U.S.C. § 1367(c)(3).

We have considered Bellanich's remaining arguments and find them to be without merit. To the extent that Bellanich moves to supplement the appendix and to obtain "records," these motions are DENIED, as this Court may review only information that was part of the record before the district court. For the reasons stated above, we AFFIRM the judgment of the district court.