# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-1191

_____

| | | |
|---|---|---|
| Reginald Smith, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Missouri Department of Corrections, | * | Eastern District of Missouri. |
| Gary Kempker, Director; Charles | * | |
| Chastain, III, Doctor; Sharon Roper; | * | |
| Correctional Medical Services; | * | [UNPUBLISHED] |
| Elizabeth Conley, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: October 19, 2006
Filed: November 6, 2006

_____

Before SMITH, MAGILL, and BENTON, Circuit Judges.

_____

PER CURIAM.

Missouri inmate Reginald Smith filed a 42 U.S.C. § 1983 action against employees of the Missouri Department of Corrections (MDOC) and Correctional Medical Services (CMS), claiming that defendants denied him adequate medical care in violation of the Eighth Amendment. Specifically, Smith alleged that Dr. Charles Chastain, III, exhibited deliberate indifference in diagnosing his diabetes-related foot problem as gout, which led to the amputation of his foot. Smith alleged that he

"begged" for "standard care," but that Dr. Chastain would not allow him to see a specialist due to the cost, and told him, "Wait until you get to your regular institution for all of these problems," and, "We are not set up for all of this." He alleged that the other defendants did not intervene to provide proper care. He further alleged that another doctor subsequently stated that Smith should have been given antibiotics. The district court dismissed the complaint, finding that it was identical to an earlier complaint Smith had filed in Smith v. Chastain, No. 2:03-CV-1621 (E.D. Mo. Sept. 9, 2004), which was dismissed without prejudice. The court held that the prior dismissal had res judicata effect.

We do not believe res judicata is a proper basis for dismissal. While res judicata does apply to in forma pauperis (IFP) frivolousness determinations for future IFP frivolousness determinations, see Waller v. Groose, 38 F.3d 1007, 1008 (8th Cir. 1994) (per curiam), here the conditions of res judicata are not met because the first action was dismissed without prejudice. See Pohlmann v. Bil-Jax, Inc., 176 F.3d 1110, 1112 (8th Cir. 1999) ("generally agree[ing] that dismissal of a case without prejudice . . . creates no res judicata bar"); see also Rosemann v. Roto-Die, Inc., 276 F.3d 393, 398 (8th Cir. 2002) (count dismissed without prejudice resulted in non-final disposition that did not create res judicata bar).

We further find that, liberally construed, Smith's instant complaint states a deliberate-indifference claim. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957) (complaint fails to state claim if it appears beyond doubt plaintiff can prove no facts entitling him to relief); Atkinson v. Bohn, 91 F.3d 1127, 1128-29 (8th Cir. 1996) (per curiam) (complaint should not be dismissed for failure to state claim unless it is clear plaintiff can prove no set of facts supporting his claim which would entitle him to relief; pro se complaints must be liberally construed); Burke v. N.D. Dep't of Corr. & Rehab., 294 F.3d 1043, 1044 (8th Cir. 2002) (per curiam) (medical treatment so inappropriate as to evidence refusal to provide essential care violates Eighth Amendment); Moore v. Duffy, 255 F.3d 543, 545 (8th Cir. 2001) (medical treatment

may so deviate from applicable standard of care as to show deliberate indifference, but such departure is factual question often requiring expert opinion to resolve); Smith v. Jenkins, 919 F.2d 90, 92-94 (8th Cir. 1990) (grossly incompetent or inadequate care can constitute deliberate indifference, as can doctor's decision to take easier and less efficacious course of treatment); Chance v. Armstrong, 143 F.3d 698, 703-04 (2d Cir. 1998) (action improperly dismissed for failure to state claim where inmate alleged treatment recommendations were based on monetary incentives and not medical views).

Accordingly, we reverse and remand for further proceedings not inconsistent with this opinion.  We deny as moot Smith's request for appellate counsel.

_____