BANCOL Y CIA. S. EN C., Aileen International Co. Inc., Bloice Enterprises Corp., Caprice Maritime Limited, Colonel Country Inc., Early Haven Investments Corp., Feldome Worldwide Corp., Foye Investments Inc., Garbay Isle Investments Inc., Jacklyn Finance Co. Ltd. and Swain Finance Co. Inc., Plaintiffs–Appellants,

v.

BANCOLOMBIA S.A., Nicanor Restrepo Santamaria, Fabio Rico Calle, Jose Alberto Velez Cadavid, Jorge Londono Saldarriaga, Ricardo Sierra Moreno, Jorge Vega Uribe and Jaime Alberto Velasquez Botero, Defendants–Appellees.

No. 07–1242–cv.

United States Court of Appeals, Second Circuit.

June 2, 2008.

Dale A. Schreiber (Elise A. Yablonski and Gerald W. Sawczyn, on the brief), Proskauer Rose LLP, New York, NY, for Appellants.

Joseph E. Neuhaus (Matthew J. Lawson, on the brief), Sullivan & Cromwell LLP, New York, NY, for Appellees.

Present: Hon. JOSÉ A. CABRANES, Hon. RICHARD C. WESLEY, Hon. J. CLIFFORD WALLACE,[1] Circuit Judges.

## SUMMARY ORDER

Plaintiffs-appellants Bancol y Cia. S. en C., *et al.* (collectively "plaintiffs") appeal from a February 28, 2007 decision and order of the United States District Court for the Southern District of New York (Rakoff, *J.*) granting defendants-appellees' ("defendants") motion for summary judgment and dismissing plaintiffs' claims brought under SEC Rule 10b–5, 17 C.F.R. § 240.10b–5, and Section 18(a) of the Securities Exchange Act of 1934, 15 U.S.C. § 78r(a). The district court found that plaintiffs' claims were barred by the Colombian Arbitration Tribunal's May 16,

2006 Award. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

On appeal, plaintiffs argue that although they "clearly raised [the] 1934 Act Claims" before the Tribunal, "the Panel refused to address them," thereby violating the "duties" imposed on foreign arbitral panels by *Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth, Inc.*, 473 U.S. 614, 636–37, 105 S.Ct. 3346, 87 L.Ed.2d 444 (1985). Plaintiffs insist that defendants' "contention that the controlling factor for *res judicata* is whether the claims 'were raised, or could have been raised' (Def. Brief at 13) fails to take into account that 'raised' or 'could have been raised' is logically premised on the capability and willingness of the Panel to determine the claims."

"It is well settled that *[res judicata]* serves to bar certain claims in federal court based on the binding effect of past determinations in arbitral proceedings." *Pike v. Freeman*, 266 F.3d 78, 90 (2d Cir.2001). "To prove that a claim is precluded" under the doctrine of *res judicata*, "a party must show that (1) the previous action involved an adjudication on the merits; (2) the previous action involved the [parties] or those in privity with them; [and] (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." *Id.* at 91 (citation omitted) (alterations in original); *accord Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981). "Even claims based upon different legal theories are barred provided they arise from the same transaction or occurrence." *Cieszkowska v.*

---

**1.** The Honorable J. Clifford Wallace, United States Court of Appeals for the Ninth Circuit, sitting by designation.

*Gray Line New York,* 295 F.3d 204, 205 (2d Cir.2002) (internal quotation marks omitted). Courts give preclusive effect to arbitral awards that fail to provide the reasoning underlying the decision. *See Boguslavsky v. Kaplan,* 159 F.3d 715, 718–22 (2d Cir.1998) (observing that the "panel did not explain its decision" but holding that plaintiffs' federal securities claims were barred in part by the collateral estoppel effect of the award).

The Colombian Tribunal, after an extensive discussion of the facts underlying the dispute, deemed itself "competent to hear and resolve the claims" before it. As noted by the district court, "[n]either party objected to the tribunal's competence to hear and decide all of plaintiffs' claims" and "the tribunal decided all of the claims listed in the Demand" "[o]n the merits." *Bancol Y CIA. S. En C. v. Bancolombia S.A.,* No. 99 Civ. 2216, 2007 WL 640654, at *4 (S.D.N.Y. Mar. 1, 2007). Importantly, the Tribunal rejected the factual predicate for plaintiffs' 1934 Act Claims, specifically finding that (1) Bancolombia had not manipulated the price of ADRs on the New York Stock Exchange; (2) the failure to raise $150 million in new equity was neither a breach of the parties' agreement nor fraudulent or willful misconduct; and (3) defendants did not engage in transactions or conduct in violation of Colombian law and sound banking practices. *Id.* After plaintiffs requested that the Tribunal supplement the Award to address plaintiffs' 1934 Act claims, the Tribunal responded that "all the claims were studied and decided upon with maximum care and discipline by the Tribunal. This is reflected not only in the methodical form in which the claims in the complaint were presented, but also in the detailed analysis of them." [2] *Id.* at *5. The parties do not dispute that the Award constituted an adjudication on the merits or that the instant case involves the same parties as the arbitration. And, as outlined above, the undisputed facts show that plaintiffs' 1934 Act claims were, in fact, raised in the arbitration. Thus, the district court properly found plaintiffs' claims to be barred by *res judicata. See Pike,* 266 F.3d at 91.

Plaintiffs' argument that the Tribunal violated its *Mitsubishi* "duties" is meritless. At issue in *Mitsubishi* was "whether an American court should enforce an agreement to resolve antitrust claims by arbitration when that agreement arises from an international transaction." 473 U.S. at 624, 105 S.Ct. 3346. The Court found that the agreement should be enforced because "the tribunal ... [is] bound to decide [the] dispute in accord with the national law giving rise to the claim. And so long as the prospective litigant effectively may vindicate its statutory cause of

---

**2.** Plaintiffs argue that, in denying their request, the Tribunal engaged in "word play" by referring to the Colombian law concept of "claims" (the relief requested), as opposed to the Colombian law concept of "grounds" (the legal theory or statutory basis for the relief requested). We note that, under federal *res judicata* principles, preclusion is not dictated by the particular "legal theory" or "ground" that a party chooses to invoke (or not to invoke) in support of its claims, but rather by the factual predicate, or "transaction," giving rise to the claim. *See Cieszkowska,* 295 F.3d at 205. The Tribunal's response does nothing to alter the undisputed fact that plaintiffs' U.S. law claims were raised before the Tribunal. In addition, the fact that each of plaintiffs' "claims" received a specific and detailed response from the Tribunal further undermines their position: plaintiffs chose to plead a "general" fraud claim that made no reference to plaintiffs' U.S. theories or the underlying U.S. statutes, which were relegated to an unsorted list of "Legal Basis." Thus, any alleged deficiency in the Tribunal's explication of plaintiffs' U.S. law claims is the result of plaintiffs' tactical choices before the Tribunal, not a lack of "capability or willingness" by the Tribunal.

action in the arbitral forum, the statute will continue to serve both its remedial and deterrent function." *Id.* at 636–37, 105 S.Ct. 3346 (internal citation omitted). Although *Mitsubishi* certainly supports the premise that an international Tribunal should decide the disputes before it in accordance with the law to which the parties have agreed, the Court did not impose any "duty" on international tribunals, let alone a duty to fully explain each legal "basis" upon which its decision relied.

For the foregoing reasons, the judgment of the district court is **AFFIRMED.**