

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-9-2008

# Robert R. Porter v. Harry J. Cancelmi, J

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2433

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Robert R. Porter v. Harry J. Cancelmi, J" (2008). *2008 Decisions.* Paper 549.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/549

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DLD-273                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

NO. 08-2433
_____

ROBERT R. PORTER,

Appellant

v.

HARRY J. CANCELMI, JR., Esq., Individually
and in his Official Capacity as a Private Attorney

_____

On Appeal From the United States District Court
For the Western District of Pennsylvania
(D.C. Civ. No. 04-cv-01736)
District Judge:  Honorable Nora B. Fischer

_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B) or Possible Summary
Action Under Third Circuit L.A.R. 27.4 and I.O.P. 10.6
August 14, 2008

Before:    BARRY, CHAGARES and GREENBERG, Circuit Judges

Opinion Filed: September 9, 2008
_____

OPINION
_____

PER CURIAM

Robert R. Porter appeals pro se from the orders of the District Court dismissing his

complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and denying his motion for

reconsideration. For the following reasons, we will summarily affirm.

I.

Porter is a Pennsylvania state prisoner, and Harry J. Cancelmi is the public defender who represented him during his criminal proceeding. Before filing the complaint at issue here, Porter had filed another complaint against Cancelmi, alleging that he had retained Cancelmi to file two lawsuits against prison officials but that Cancelmi failed to do so in purported violation of his constitutional rights. The District Court granted Porter leave to proceed in forma pauperis, then dismissed his complaint pursuant to § 1915(e)(2)(B)(i) on the grounds that Cancelmi had not acted "under color of state law" as necessary for liability under 42 U.S.C. § 1983. We dismissed Porter's resultant appeal as legally frivolous for the same reason. See Porter v. Cancelmi, C.A. No. 04-1700, 112 Fed. Appx. 867 (3d Cir. 2004).

Seventeen days later, Porter filed the complaint at issue here. Porter again names Cancelmi as the sole defendant and again accuses him of having failed to file the two lawsuits described in his first complaint. This time, however, Porter alleges that Cancelmi "accept[ed] a sum of money" from the prison officials he wanted to sue, and that Cancelmi had thus "converted" his lawsuits for personal profit. The case was assigned to a Magistrate Judge, who recommended dismissing the complaint under § 1915(e)(2)(B)(i) as malicious or § 1915(e)(2)(B)(ii) for failure to state a claim on the grounds that it is barred by res judicata. By order entered December 4, 2006, the District

2

Court adopted the Magistrate Judge's recommendation and dismissed the complaint.[1]

Porter filed a timely motion under Rule 59(e) of the Federal Rules of Civil Procedure, which the District Court denied by order entered April 22, 2008. Porter appeals.

## II.

We have jurisdiction under 28 U.S.C. § 1291, and exercise plenary review over the District Court's legal determinations. See Lubrizol Corp. v. Exxon Corp., 929 F.2d 960, 962 (3d Cir. 1991). Summary action is warranted when no substantial question is presented on appeal. See 3d Cir. L.A.R. 27.4 and I.O.P. 10.6. Essentially for the reasons explained by the Magistrate Judge, we do not believe that there is any question but that Porter's second complaint is barred by res judicata. As the Magistrate Judge properly explained, res judicata bars a second suit where "there has been (1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action." Lubrizol Corp., 929 F.2d at 963. Only the third element warrants discussion here.[2]

---

[1]The District Court did not specify whether it dismissed this complaint as malicious under § 1915(e)(2)(B)(i), for failure to state a claim under § 1915(e)(2)(B)(ii), or both. Because dismissal was warranted for the second reason, we need not discuss the first.

[2]Regarding the first element, the Magistrate Judge reasoned that a dismissal of an in forma pauperis complaint for failure to state a claim under § 1915(e)(2)(B)(ii) constitutes a final judgment on the merits. That reasoning is clearly correct where, as here, the second suit also is brought in forma pauperis. See Denton v. Hernandez, 504 U.S. 25, 34 (1992); Cieszkowska v. Gray Line New York, 295 F.3d 204, 205-06 (2d Cir. 2002) (per curiam). We need not decide whether the dismissal of Porter's first complaint would bar any paid complaint he might file in the future. See id.

Porter argues that this element is not present because his allegations of conspiracy in the second complaint have changed the capacity in which he sues Cancelmi. Presumably, Porter means that Cancelmi may now be deemed to have acted under color of state law, thus giving Porter a § 1983 cause of action against Cancelmi that he did not have before. "Cause of action" for purposes of res judicata, however, does not turn on the legal viability of a claim. Instead, "cause of action" is a broad, transactional concept that focuses on the "essential similarity" of the two claims. Churchill v. Star Enters., 183 F.3d 184, 194 (3d Cir. 1999). It does not allow a plaintiff in a second suit to assert "different legal theories to seek redress . . . from a single course of wrongful conduct." Id. at 195. That is all Porter has done here. His claim remains that he has been injured by Cancelmi's failure to file two lawsuits on his behalf, and Cancelmi remains the only defendant. The conspiracy allegations in Porter's second complaint merely purport to explain Cancelmi's motive, and do not give him a separate "cause of action" for res judicata purposes.[3]

Accordingly, we will summarily affirm the judgment of the District Court. Porter's motion for the appointment of counsel is denied.

---

[3]In addition, Porter is collaterally estopped from relitigating the issue of whether Cancelmi acted under color of state law because Porter actually litigated and lost that same issue in his first suit, which was finally decided against him on that basis. See Peloro v. United States, 488 F.3d 163, 174 (3d Cir. 2007).