09-1933-cv
Johnson v. James

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 8th day of February, two thousand ten.

PRESENT:  GUIDO CALABRESI,
          REENA RAGGI,
          RICHARD D. CUDAHY,[*]
                    *Circuit Judges.*

--------------------------------------------------------------------------------
THEODORE F. JOHNSON,

                              *Plaintiff-Appellant*,

              v.                                        No. 09-1933-cv

JUDGE DEBRA A. JAMES, NATALIA SWAN, also known as NATALIA WOLAN, ALTERMAN AND BOOP, LLP, WILLIAM SCHAAP, ROBERT S. SIKORSKI, FIDELITY NATIONAL TITLE INSURANCE COMPANY, YOLANDA CHANG, Broker, H.P.D. NEW YORK CITY DEPARTMENT OF FINANCE, et al.,

                              *Defendants-Appellees*.
--------------------------------------------------------------------------------

---

[*] Circuit Judge Richard D. Cudahy of the United States Court of Appeals for the Seventh Circuit, sitting by designation.

APPEARING FOR APPELLANT:       THEODORE F. JOHNSON, *pro se*, Hempstead, New York.

APPEARING FOR APPELLEES:       DAVID LAWRENCE III, Assistant Solicitor General (Barbara D. Underwood, Solicitor General, *on the brief*), *on behalf of* Andrew M. Cuomo, Attorney General of the State of New York, New York, New York, *for Justice Debra A. James*.

ANDREW G. LIPKIN, Assistant Corporation Counsel, *on behalf of* Michael A. Cardozo, Corporation Counsel of the City of New York, New York, New York, *for Department of Housing Preservation and Development of the City of New York and New York City Department of Finance*.

JAMES E. SCHWARTZ, Stempel Bennett Claman & Hochberg, P.C., New York, New York, *for Fidelity National Title Insurance Company*.

ANASTASIOS P. TONOREZOS (Thomas W. Hyland, *on the brief*), Wilson, Elser, Moskowitz, Edelman & Dicker LLP, New York, New York, *for Alterman and Boop, LLP*.

MARCIA W. BRATHWAITE, New York, New York, *for Yolanda Chang*.

Melvin L. Wulf, New York, New York, *for William Schaap*.

Robert S. Sikorski, *pro se*, New York, New York.

Appeal from the United States District Court for the Southern District of New York (Paul A. Crotty, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on March 27, 2009, is AFFIRMED.

2

Plaintiff Theodore F. Johnson, pro se, appeals from the dismissal of his complaint, which alleged various claims under, inter alia, 42 U.S.C. §§ 1983 and 1985, and the Fourth, Fifth, Seventh, and Fourteenth Amendments. We review a judgment of dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) de novo, construing the pro se complaint liberally, accepting its factual allegations as true, and drawing all reasonable inferences in the plaintiff's favor. See Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir. 2002); see also Miller v. Wolpoff & Abramson, L.L.P., 321 F.3d 292, 300 (2d Cir. 2003). To the extent the challenged judgment against two of the nine defendants was entered by the court sua sponte, we are mindful that, notwithstanding any filing fee that may have been paid, 28 U.S.C. § 1915(e)(2) authorizes a district court to dismiss a case at any time if the court determines that the action fails to state a claim upon which relief can be granted. See Fitzgerald v. First E. Seventh Street Tenants Corp., 221 F.3d 362, 364 (2d Cir. 2000). In applying these principles, we assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

Our independent review of the record confirms that the district court properly ordered dismissal. As the district court observed, all of Johnson's claims against the New York City Department of Housing Preservation and Development and the Department of Finance are barred by res judicata, as they arose out of the same transaction upon which Johnson had previously brought suit on more than one occasion, and at least one of those actions resulted in a final judgment on the merits. See Cieszkowska v. Gray Line N.Y., 295 F.3d 204, 205

3

(2d Cir. 2002) ("[O]nce a final judgment has been entered on the merits of a case, that judgment will bar any subsequent litigation by the parties or those in privity with them concerning the transaction, or series of connected transactions, out of which the [first] action arose." (internal quotation marks omitted, alteration in original)). Further, Johnson's remaining claims do not satisfy the pleading standard required by Federal Rule of Civil Procedure 8(a)(2) because he has not "plead[ed] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009); see also Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir. 1995) ("When a complaint fails to comply with [Fed. R. Civ. P. 8], the district court has the power, on motion or sua sponte, to dismiss the complaint . . . ."). We therefore affirm the district court's judgment for substantially the reasons articulated in its thorough and well-reasoned decision.

We have considered Johnson's other arguments on appeal and conclude that they lack merit. Accordingly, we AFFIRM the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

4