**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-4156
_____

JOSEPH TAYLOR,
Appellant

v.

JOSEPH W. VISINSKY, Corrections Health Care Administrator;
DENISE R. THOMAS, Registered Nurse/Acting Corrections
Health Care Administrator;
JACK DEPNER, Medical Doctor; MS. J. M. ELLISON,
Registered Health Information Administrator;
BOBBI A. MCALLISTER, Physician Assistant Certified;
PAM WEIMER, Licensed Practical Nurse;
MICHELE SWANHART, Certified Registered Nurse Practitioner;
DR. DESCANI, Physician
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 3-12-cv-00046)
District Judge: Honorable Kim R. Gibson
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 9, 2013
Before: JORDAN, GREENAWAY, JR. and SCIRICA, Circuit Judges

(Opinion filed: August 9, 2013)
_____

OPINION
_____

PER CURIAM

Joseph Taylor, a Pennsylvania state prisoner, filed a suit pursuant to 42 U.S.C. § 1983 against some of the medical staff at the State Correctional Institute at Somerset, where he is incarcerated. He listed seven claims: (1) he suffered from headaches beginning in 2005 and as a result was "bounced back and forth" between the medical and dental departments; (2) his wisdom tooth was pulled "without any visual problems"; (3) he received a root canal on another tooth without a proper diagnosis, and during a dental procedure in which one of his teeth was being pulled defendant Depner, a prison dentist, "openly admitted that he knew [that that] tooth was cracked for years but did nothing"; (4) he was prescribed an analgesic balm to alleviate pain after his dental work but did not receive any follow up; (5) the prison required him to pay for two pairs of prescription eyeglasses; (6) he suffered an allergic reaction to the lotion available in the prison commissary but was not given a different lotion to use; and (7) he received an extra, undocumented tuberculosis shot which caused various medical problems including osteoarthritis.

The magistrate judge recommended dismissing the complaint under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim because he determined that:

> Even if plaintiff is right and defendants are wrong about the state of his health, the exhibits attached to the amended complaint show that defendants plainly believe they are doing everything necessary to treat plaintiff, either because they are treating the condition (or treated the condition: treatment for headaches has not been sought since 2008; new glasses were provided in 2009; the tooth pulled in 2009 was fractured and causing plaintiff pain and plaintiff requested it [sic] pulled), or in the case of the arthritis and discolorations of plaintiff's fingers and toenails caused by a TB shot, deny that it is a real possibility.

Report and Recommendation, D. Ct. Docket No. 23. Over Taylor's objections, the

District Court adopted the magistrate judge's report and recommendation and dismissed

the case. He timely appealed to this Court.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We exercise

plenary review over a district court's *sua sponte* dismissal, see Allah v. Seiverling, 229

F.3d 220, 223 (3d Cir. 2000), and may affirm the District Court's judgment on any basis

supported by the record. Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per

curiam).

For essentially the reasons set forth in the magistrate judge's report and

recommendation, we agree that each of the claims addressed by the Court below failed to

state a claim.[1] However, neither the magistrate judge nor the District Court specifically

addressed Taylor's claim that Depner delayed treatment of his fractured tooth.

Nevertheless, any error in failing to address the putative merits of this claim was

harmless and does not necessitate remand because that claim was clearly barred by *res

judicata*.

The principle of *res judicata* bars claims that were brought, or could have been

brought, in a previous action. In re Mullarkey, 536 F.3d 215, 225 (3d Cir. 2008). It

---

[1] In particular, we agree that Taylor's claim that he was given a tuberculosis shot which caused, among other things, osteoarthritis was insufficient "to raise a right to relief above the speculative level," Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007), and that Taylor's various negligence claims did not state a claim under § 1983. See Farmer v. Brennan, 511 U.S. 825, 835 (1994) ("deliberate indifference describes a state of mind more blameworthy than negligence").

3

applies where there is "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action." Id. Although *res judicata* is an affirmative defense for a defendant to plead, Fed. R. Civ. P. 8(c), dismissal for failure to state a claim may be appropriate when it is obvious, either from the face of the pleading or from other court records, that an affirmative defense such as *res judicata* will necessarily defeat the claim. See Jones v. Bock, 549 U.S. 199, 215 (2007).

This suit is not Taylor's first against defendant Depner regarding allegedly deficient dental care. In 2010, he filed a complaint claiming, among other things, that Depner had incorrectly extracted Taylor's wisdom tooth even though it was not the cause of his pain. Although Taylor referenced the fractured tooth at issue in his present claims, he noted that "that's not the tooth that I'm talking about" and apparently limited his claim against Depner to the wisdom tooth extraction. Complaint at 12, Taylor v. Visinsky, No. 10 Civ. 00135 (W.D. Pa. 2010). That claim—along with the remainder of his suit—was dismissed for failure to state a claim upon which relief could be granted, and we affirmed. See Taylor v. Visinsky, No. 10-3835, 422 F. App'x 76 (3d Cir. 2011). A District Court's order dismissing a complaint for failure to state a claim upon which relief can be granted constitutes a "final judgment on the merits" for the purposes of *res judicata*. See, e.g., Federated Dept. Stores, Inc. v. Moitie, 452 U.S. 394, 399 n. 3 (1981) ("The dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a 'judgment on the merits'" for purposes of *res judicata*); Cieszkowska v. Gray Line

4

New York, 295 F.3d 204 (2d Cir.2002) (giving *res judicata* effect to a prior suit which had been dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief could be granted and hence barring a second suit which the District Court dismissed "for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2) because the complaint was barred by *res judicata*"). Thus, to the extent Taylor's present claim constitutes a reiteration of the claim he raised in his 2010 suit, he was barred from re-raising it in the instant suit. To the extent his present claim is novel, he was likewise barred from raising it in the instant suit because *res judicata* "prohibits reexamination not only of matters actually decided in the prior case, but also those that the parties might have, but did not, assert in that action." Parkview Assocs. P'ship v. City of Lebanon, 225 F.3d 321, 329 n.2 (3d Cir. 2000). Taylor clearly could have raised his current claim—alleging a delay in treating his fractured tooth until its removal in 2009—when he sued Depner in 2010 over his dental care.[2]

Because we determine that District Courts dismissal of Taylor's claims was correct, we will affirm.

---

[2] We note that Taylor filed the instant suit in 2012, over two years after Depner allegedly informed him that he had known about the fractured tooth—the latest date at which this claim could have accrued. It therefore appears to have been untimely filed beyond the applicable statute of limitations. See 42 Pa. Con. Stat. § 5524(2) (providing a two-year statute of limitations); Wilson v. Garcia, 471 U.S. 261, 266-68, 276-77 (1985) (forum state's statute of limitations for personal injury actions applies to § 1983 actions).