MacKinnon v. City of New York / Human
Resources Administration

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of October, two thousand fourteen.

PRESENT:
> ROSEMARY S. POOLER,
> REENA RAGGI,
> PETER W. HALL,
> > *Circuit Judges.*

_____

John A. MacKinnon,

> *Plaintiff-Appellant*

> > > 13-4184

> v.

City of New York / Human Resources
Administration,

> *Defendant-Appellee.*

_____

FOR PLAINTIFF-APPELLANT:     John A. MacKinnon, pro se, Lackawaxen, PA

Appeal from a judgment and order of the United States District Court for the Southern

District of New York (Preska, *C.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant John MacKinnon, proceeding pro se, appeals from the district court's judgment dismissing his complaint as barred by the doctrine of res judicata. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

A district court has the inherent authority to dismiss an action that "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), regardless of whether the plaintiff has paid the filing fee, *see Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 363–64 (2d Cir. 2000). While this Court has yet to decide whether it reviews a district court's sua sponte dismissal of a complaint pursuant to its inherent authority de novo or for an abuse of discretion, *see Fitzgerald*, 221 F.3d at 364 n.2, in this case, the district court's decision "easily passes muster [even] under the more rigorous *de novo* review," *id*.

Under the doctrine of res judicata, or claim preclusion, a "final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981). Res judicata "applies in later litigation if an earlier decision was (1) a final judgment on the merits, (2) by a court of competent jurisdiction, (3) in a case involving the same parties or their privies, and (4) involving the same cause of action." *Hecht v. United Collection Bureau, Inc.*, 691 F.3d 218, 221–22 (2d Cir. 2012) (citation omitted). "Even claims based upon different legal theories are barred provided they arise from the same transaction or occurrence." *Cieszkowska v. Gray Line N.Y.*, 295 F.3d 204, 205 (2d Cir. 2002) (citation omitted).

MacKinnon admits that his present claims arise from the same events that were at issue in his prior litigation. He argues, however, that his claims should not be barred because they were

actually raised in the prior action, but never finally adjudicated. This assertion is not borne out by the record. None of MacKinnon's present claims were explicitly raised in his earlier action, and to the extent that any of them were implied in his arguments to the court, they were carefully addressed. The district court thus properly determined that res judicata bars MacKinnon's present claims.

MacKinnon's assertion that the district court erred by dismissing his claims sua sponte is likewise without merit. We have regularly upheld a district court's authority to dismiss sua sponte a pro se complaint on res judicata grounds. *See Salahuddin v. Jones*, 992 F.2d 447, 449 (2d Cir. 1993) (holding that failure of a defendant to raise res judicata in an answer does not deprive a court of power to dismiss claim on that ground). Although a district court should not dismiss a pro se complaint without granting leave to amend, leave is not necessary when it would be futile. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

As discussed above, the district court properly dismissed MacKinnon's complaint. Although it did not grant him leave to amend, it is clear that any attempt to re-plead would have been futile. The problem with his complaint "is substantive; better pleading will not cure it." *Id*. He seeks to re-litigate claims already adjudicated, or else to assert new legal theories based upon the same operative facts at issue in his prior action. We therefore affirm substantially for the reasons set forth by the district court in its thorough and well-reasoned order dismissing MacKinnon's action as barred by res judicata.

Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk