20-947-cv
Whitnum v. Office of the Chief State's Attorney

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of February, two thousand twenty-one.

PRESENT:  RAYMOND J. LOHIER, JR.,
          STEVEN J. MENASHI,
               *Circuit Judges,*
          ERIC KOMITEE,*
               *Judge.*

_____

L. LEE WHITNUM,

      *Plaintiff-Appellant*,

     v.                                                              20-947-cv

OFFICE OF THE CHIEF STATE'S
ATTORNEY, KEVIN KANE, JOHN

---

\* Judge Eric Komitee, of the United States District Court for the Eastern District of New York, sitting by designation.

WHALEN, JANE DOES 1-25, JOHN DOES 1-25, ABC INSURANCE COMPANIES 1-10,

*Defendants-Appellees.*[**]

_____

FOR PLAINTIFF-APPELLANT:                    L. Lee Whitnum, *pro se*, Greenwich, CT.

FOR DEFENDANTS-APPELLEES:                    No appearance.

Appeal from a judgment of the United States District Court for the District of Connecticut (Janet C. Hall, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment is AFFIRMED.

Plaintiff-Appellant L. Lee Whitnum, proceeding pro se, appeals from the February 20, 2020 judgment of the District Court (Hall, J.) adopting the recommended ruling of the Magistrate Judge (Merriam, M.J.) and dismissing Whitnum's amended complaint for failure to state a claim. We assume the parties' familiarity with the underlying facts and prior record of proceedings, to

---

[**] The Clerk of Court is directed to amend the official caption to conform with the above caption.

which we refer only as necessary to explain our decision to affirm.

We review de novo a district court's sua sponte dismissal of a complaint under 18 U.S.C. § 1915(e)(2). Hardaway v. Hartford Pub. Works Dep't, 879 F.3d 486, 489 (2d Cir. 2018). "To avoid dismissal, a complaint must plead 'enough facts to state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). We afford a pro se litigant "special solicitude" by interpreting a complaint filed pro se "to raise the strongest claims that it suggests." Hill v. Curcione, 657 F.3d 116, 122 (2d Cir. 2011) (quotation marks omitted).

As an initial matter, we conclude that the District Court properly analyzed Whitnum's complaint under § 1915(e)(2). The statute requires that a district court dismiss a complaint filed in forma pauperis if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Despite Whitnum's argument to the contrary, § 1915(e)(2) is not limited to complaints filed by prisoners. See, e.g., Cieszkowska v. Gray Line N.Y., 295 F.3d 204 (2d Cir. 2002) (affirming the

3

dismissal of a pro se non-prisoner complaint under § 1915(e)).

As for the merits, the District Court properly dismissed Whitnum's amended complaint. Whitnum chiefly challenges the dismissal of her malicious prosecution claim. That claim was properly dismissed because Whitnum failed to plead that the charges against her terminated in her favor. See Spak v. Phillips, 857 F.3d 458, 461 n.1 (2d Cir. 2017). In urging a contrary conclusion, Whitnum argues that because the stalking charge against her was dropped, she has adequately alleged the requisite favorable termination to sustain her malicious prosecution claim. We disagree. "When a person has been arrested and indicted, absent an affirmative indication that the person is innocent of the offense charged, the government's failure to proceed does not necessarily imply a lack of reasonable grounds for the prosecution." Lanning v. City of Glens Falls, 908 F.3d 19, 28 (2d Cir. 2018). In her complaint, Whitnum alleges that certain charges were dismissed, but she does not suggest that any charge was dismissed because she was innocent of the charge. And even if we were to look beyond the complaint and consider the transcript of the proceeding in which the prosecutor noted that he planned to dismiss the stalking charge, the prosecutor

4

offered no explanation for the dismissal. Accordingly, because Whitnum "has not plausibly alleged that any of the criminal proceedings against [her] were terminated in a manner indicating [her] innocence," she has failed to plead a valid malicious prosecution claim. Id. at 29.

We also reject Whitnum's claims of judicial bias, which are either unsupported or based on her disagreement with the rulings of the State Judge. See Liteky v. United States, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion.").

We have considered all of Whitnum's remaining arguments and conclude that they are without merit. For the foregoing reasons, we AFFIRM the judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5