**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2802
_____

WILLIAM F. KAETZ,
                                        Appellant

v.

UNITED STATES OF AMERICA; JUDGE CLARENCE THOMAS;
JUDGE CLAIRE C. CECCHI; JUDGE KEVIN MCNULTY; JUDGE
RENÉE MARIE BUMB; JUDGE JUAN R SÁNCHEZ; JUDGE
CHRISTINE P. O'HEARN; JUDGE J. NICHOLAS RANJAN
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 1-23-cv-03482)
District Judge:  Honorable Matthew W. Brann
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 3, 2024
_____

No. 23-2803
_____

WILLIAM F. KAETZ,
                                        Appellant
v.

UNITED STATES OF AMERICA; JOHN MICHAEL VAZQUEZ,
U.S. Dist. Court Judge New Jersey, Newark Vicinage; JOSEPH
MCCORMICK, U.S. Probation Officer; NICK CAPACCIO, U.S.
Probation Officer; CARRIE BORONA, U.S. Probation Officer;

IVETTELIS PEREZ, U.S. Probation Officer; RENÉE MARIE BUMB, Chief United States District Judge New Jersey District Court, Trenton Vicinage

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 1-23-cv-03624)
District Judge:  Honorable Matthew W. Brann

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 3, 2024

Before:  JORDAN, PORTER, and PHIPPS, <u>Circuit Judges</u>

(Opinion filed: October 4, 2024)
_____

OPINION[*]
_____

**PER CURIAM**

William Kaetz appeals from the orders dismissing his amended complaints in these matters.  We will affirm.

By separate opinions in C.A. Nos. 23-2114 and 23-2322, we address two of Kaetz's suits against the United States and federal judges who have ruled against him in some of his numerous lawsuits.  In the first of those suits, Kaetz sued the Honorable Renée Bumb for issuing a preclusion order against him.  And when the Honorable Juan

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

R. Sánchez dismissed that suit on judicial immunity grounds, Kaetz filed the second of those suits against Judge Sánchez.

Kaetz continued this cycle in the two suits at issue here. Kaetz again named Judge Bumb as a defendant in both suits. Kaetz also named another federal judge as a defendant in one of the suits and, in the other, he named as defendants Judge Sánchez, Justice Clarence Thomas, and other federal judges too. And Kaetz again named the United States as a defendant in both suits in order to assert claims under the Federal Tort Claims Act. The District Court dismissed both suits, and Kaetz appeals. We will affirm the dismissals as to the judicial defendant and Kaetz's related FTCA claims for the reasons that we are affirming the dismissal of his similar claims in C.A. Nos. 23-2114 and 23-2322.

We separately address here only Kaetz's suit at D.N.J. No. 1-23-cv-03624, in which he also named as defendants four United States Probation Officers.[1] Kaetz alleged

_____

[1] Kaetz raised his same claims against these officers in a prior suit at D.N.J. Civ. No. 2-23-cv-02772. In that suit, the District Court granted Kaetz in forma pauperis status and dismissed his complaint with prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. Kaetz did not appeal. Instead, just days later, he filed the suit at issue here naming the same probation officers as well as Judge Bumb and the District Judge who dismissed his previous suit. Kaetz paid the filing fee this time and, for that reason, the court declined to give res judicata effect to the dismissal of his previous IFP suit. The court relied on the principle that, because a dismissal for frivolousness under former 28 U.S.C. § 1915(d) "is not a dismissal on the merits, . . . the dismissal does not prejudice the filing of a paid complaint making the same allegations." Denton v. Hernandez, 504 U.S. 25, 34 (1992); see also Cieszkowska v. Gray Line N.Y., 295 F.3d 204, 206 (2d Cir. 2002) (per curiam) (recognizing this principle in holding that a § 1915(e)(2)(B)(ii) dismissal precluded another IFP complaint concerning the same events). But Denton

3

that the officers retaliated against him for exercising his First Amendment rights (i.e., filing lawsuits) by filing a request in his criminal case at W.D. Pa. Crim. No. 2-21-cr-00211-001 to modify the terms of his supervised release.[2]  The District Court in that case granted the motion and modified the terms of Kaetz's supervised release, and we recently affirmed that order.  See United States v. Kaetz, No. 24-1605, 2024 WL 3717090 (3d Cir. Aug. 8, 2024).  In doing so, we rejected Kaetz's arguments concerning First Amendment retaliation in the context of that proceeding.  See id. at *3 & n.5.

We reject his First Amendment retaliation claims in the context of this proceeding too.  First, to the extent that Kaetz sued the officers in their personal capacities, his only potential cause of action would arise under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).  But as the District Court correctly ruled, "there is no Bivens action for First Amendment retaliation."  Egbert v. Boule, 596

---

predated § 1915(e)(2)(B)(ii), which now authorizes dismissal for failure to state a claim. We see no immediately apparent reason why such a dismissal, like a dismissal with prejudice for failure to state a claim under Fed. R. Civ. P. 12(b)(6), should not be treated as a judgment on the merits that has preclusive effect even as to paid complaints. See Coleman v. Labor & Indus. Review Comm'n, 860 F.3d 461, 467-70 (7th Cir. 2017) (distinguishing Denton in holding that a Magistrate Judge who was not acting on all parties' consent was not authorized to dismiss a suit with prejudice for failure to state a claim under § 1915(e)(2)(B)(ii) because such a dismissal is a judgment on the merits that has preclusive effect even as to paid complaints).  But we decline to resolve that issue here and will instead review the dismissal of Kaetz's claims on their own terms.

[2] The request attached to Kaetz's amended complaint was filed by Officers McCormick and Capaccio.  Kaetz's amended complaint does not include any factual allegations against the other officers and instead alleges in wholly conclusory fashion that all four officers conspired with the judicial defendants to violate his rights.

U.S. 482, 499 (2022); see also Bistrian v. Levi, 912 F.3d 79, 95-96 (3d Cir. 2018) (so holding in a different context), abrogated in part on other grounds by Egbert, 596 U.S. 482, as recognized in Fisher v. Hollingsworth, __ F.4th __, No. 22-2846, 2024 WL 3820969, at *4 (3d Cir. Aug. 15, 2024); Vanderklok v. United States, 868 F.3d 189, 198-200 (3d Cir. 2017) (same). Nor is there any arguable basis to imply a Bivens remedy for any other claim that Kaetz's complaint might be read to assert. See Egbert, 596 U.S. at 490-93.

Second, dismissal of Kaetz's related FTCA claim against the United States was appropriate too. Kaetz claims that the officers violated his federal constitutional rights. But as the District Court explained, the FTCA waives the United States's sovereign immunity only as to violations of state law. See FDIC v. Meyer, 510 U.S. 471, 478 (1994). Thus, "the United States simply has not rendered itself liable under [the FTCA] for constitutional tort claims." Id. Kaetz argues that the officers also violated his rights under the New Jersey constitution. Kaetz did not plead such a claim in his amended complaint. But even if he pleaded or could have pleaded such a claim, he has no FTCA claim in that regard because the New Jersey constitution does not govern the conduct of those acting under color of federal law like the federal probation officers here. See State v. Mollica, 554 A.2d 1315, 1324 (N.J. 1989); see also Hernandez v. United States, 939 F.3d 191, 204-05 (2d Cir. 2019) (affirming dismissal of FTCA claim based on a federal officer's alleged violation of the New York constitution).

5

Finally, Kaetz argues that the District Court erred by denying his motion to further amend his complaint. But Kaetz sought by that motion to add still more judges as defendants, and he has raised nothing in either the District Court or this one suggesting that he could allege any actionable claim if given another chance. Thus, we agree that further amendment of the complaint would have been futile. We have considered all of Kaetz's other arguments and conclude that they do not warrant discussion.

For these reasons, we will affirm the judgments of the District Court. Kaetz's motions are resolved as follows. In **C.A. No. 23-2802**, Kaetz's motion at Docket No. 28 to file a supplemental appendix under seal is granted but his request to expand the record is denied. Kaetz's motion at Docket No. 38 for leave to file an oversized reply brief and appendices is granted. Kaetz's corrected motion for judicial notice at Docket No. 51 is granted to the extent that we have considered the arguments raised therein in resolving this appeal. Kaetz's motion at Docket No. 57 to withdraw the documents filed at Docket Nos. 55 and 56 is granted. All other motions and requests for relief are denied. In **C.A. No. 23-2803**, Kaetz's motion at Docket No. 28 to withdraw his motion for judicial notice is granted. Kaetz's corrected motion for judicial notice at Docket No. 29 is granted to the extent that we have considered the arguments raised therein in resolving this appeal. Kaetz's motion at Docket No. 34 to withdraw the documents filed at Docket Nos. 32 and 33 is granted. All other motions and requests for relief are denied.