CLD-326                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-2005
_____

WALIYYUDDIN S. ABDULLAH,
Appellant

v.

THE SMALL BUSINESS BANKING DEPARTMENT OF BANK OF AMERICA; THE
SMALL BUSINESS BANKING DEPARTMENT WELLS FARGO BANK
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2:13-cv-00305)
District Judge:  Honorable J. Curtis Joyner
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 11, 2013
Before:  RENDELL, JORDAN and SHWARTZ, <u>Circuit</u> <u>Judges</u>

(Opinion filed: July 29, 2013)
_____

OPINION
_____

PER CURIAM

Waliyyuddin Abdullah, proceeding in forma pauperis, appeals pro se the dismissal of an amended complaint brought pursuant to 42 U.S.C. § 2000d and 42 U.S.C. § 1981.[1] For the reasons that follow, we will summarily affirm. See LAR 27.4; I.O.P. 10.6.

Abdullah alleged two different sets of misconduct by the defendants. He alleged that Wells Fargo did not respond to a single request for information about a small business loan, and that Bank of America 1) sent him information about a line of credit instead of a loan, and 2) that it did not respond to his application for a line of credit. His amended complaint alleged that branch employees at both banks misinformed him about the minimum amount of revenue required to be eligible for a small business loan. Abdullah alleged that these actions were the equivalent of being denied the opportunity to apply for a loan program for which he was otherwise qualified. He also alleged that absent another explanation from the defendants, he "can only conclude one purpose for this misinformation and denial, discrimination." Acting prior to service under 28 U.S.C. § 1915(e)(2)(B)(ii), the District Court dismissed the amended complaint for failure to state a claim. It also denied leave to further amend as futile.

We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over the District Court's dismissal for failure to state a claim. See Lazaridis v. Wehmer, 591 F.3d 666, 670 (3d Cir. 2010) (per curiam). Dismissal is appropriate where the pleader has not alleged "sufficient factual matter, accepted as true, to state a claim that is

---

[1] The District Court liberally construed appellant's amended complaint as including claims under both statutes. The complaint actually only cited to 42 U.S.C. § 2000d.

plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The standard requires a two-part analysis, first separating the complaint's factual allegations from its legal conclusions, and second, taking only the factual allegations as true, deciding whether the plaintiff has alleged a plausible claim for relief. See Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009).

To state a claim for violation of § 1981, a plaintiff must allege that 1) he is a member of a racial minority; 2) the defendant intentionally discriminated against the plaintiff on the basis of race; and 3) the discrimination negatively affected his ability to engage in one of the protected activities, including formation of a contract. Brown v. Philip Morris, Inc., 250 F.3d 789, 797 (3d Cir. 2001).[2] To state a claim for violation of § 2000d, a plaintiff must allege 1) intentional discrimination on the basis of race or national origin 2) by a program receiving federal funds.[3] In either context, the standard for alleging intentional discrimination is the same. See Pryor v. National Collegiate Athletic Ass'n, 288 F.3d 548, 569 (3d Cir. 2002).

Here, appellant alleged that the only explanation for the appellees' conduct was racial discrimination, but that is a legal conclusion not entitled to be assumed true. See

---

[2] Because it does not change our analysis, we do not analyze whether the test for a claim of racially discriminatory lending applies, as in either case the complaint's deficiency in alleging racial discrimination would be fatal. See Anderson v. Wachovia Mortg. Corp., 621 F.3d 261, 275 (3d Cir. 2010).

[3] We note that the District Court did not analyze, nor do we, whether the federally guaranteed loan program at issue here brings the defendants within the ambit of 42 U.S.C. § 2000d. See 42 U.S.C. § 2000d-4a.

3

Iqbal, 556 U.S. at 681 (holding that allegation in complaint that conduct was motivated "solely on account of religion, race, and/or national origin" was conclusory and "not entitled to be assumed true.") (citation omitted). Appellant failed to allege any facts supporting this conclusion. See Sarullo v. U.S. Postal Service, 352 F.3d 789, 798 (3d Cir. 2003) (per curiam) (holding plaintiff in racial discrimination claim must "establish some causal nexus between his membership in a protected class and" the adverse action). In his argument in support of this appeal, Abdullah alleged for the first time that he is African-American, that the relevant actors from the banks are Caucasian, and that the banks are aware of his race. Even if these facts had been contained in his complaint, they would be the only facts from which to draw an inference of racial animus. That the plaintiff and defendant are different races is not sufficient to plausibly state a claim of racial discrimination. See Santiago v. Warminster Twp., 629 F.3d 121, 133 (3d Cir. 2010) ("Allegations that are merely consistent with a defendant's liability or show the mere possibility of misconduct are not enough.") (quotation omitted).

The District Court dismissed Abdullah's original complaint for substantially the same reasons we have identified and gave appellant an opportunity to amend. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002). His amended complaint did not correct the deficiencies identified by the District Court. In these circumstances, we conclude that the District Court need not have extended further leave to amend. See Hill v. City of Scranton, 411 F.3d 118, 134 (3d Cir. 2005).

4

For the reasons given, we will summarily affirm the judgment of the District Court.