CLD-082                                              **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2189
_____

WALIYYDDIN ABDULLAH,
                                            Appellant

v.

SMALL BUSINESS BANKING DEPARTMENT OF BANK OF AMERICA;
SMALL BUSINESS BANKING DEPARTMENT WELLS FARGO BANK
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2-15-cv-01196)
District Judge:  Honorable J. Curtis Joyner
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
December 17, 2015
Before:  FISHER, JORDAN and VANASKIE, <u>Circuit</u> <u>Judges</u>

(Opinion filed: January 13, 2016)
_____

OPINION[*]
_____

PER CURIAM

     Pro se appellant Waliyyuddin Abdullah appeals the District Court's order

dismissing his complaint.  We have jurisdiction under 28 U.S.C. § 1291 and exercise

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

lenary review over the District Court's order. See Fleisher v. Standard Ins. Co., 679 F.3d 116, 120 (3d Cir. 2012). For the reasons set forth below, we will summarily affirm the District Court's judgment. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

In February 2015, Abdullah filed a complaint in the Philadelphia County Court of Common Pleas, which Wells Fargo and Bank of America ("the defendants") removed to the District Court. In the complaint, Abdullah alleged that the defendants violated his rights under the Pennsylvania Human Relations Act when they refused to grant him a small-business loan.

This was Abdullah's fourth complaint concerning the defendants' refusal to extend a loan to him. He filed the first complaint in January 2013; the District Court dismissed that complaint due to its failure to state a claim. See E.D. Pa. Civ. A. No. 13-cv-0305. Abdullah appealed, and we summarily affirmed the District Court's judgment. See Abdullah v. Small Bus. Banking Dep't of Bank of Am., 532 F. App'x 89 (3d Cir. 2013) (non-precedential). Abdullah filed two more complaints in the District Court, which outlined his continuing unavailing efforts to obtain a loan. See E.D. Pa. Civ. A. Nos. 14-cv-5394 & 14-cv-5931. The District Court dismissed both complaints for failure to state a claim. Abdullah appealed the judgment in only the latter case, but the Clerk ultimately dismissed the appeal because Abdullah failed to pay the filing fee.

After the defendants removed the complaint at issue here to the District Court, Abdullah filed a motion to remand the matter to state court. He claimed that the removal

had been untimely and that he did not assert a federal claim. The defendants opposed Abdullah's remand motion and also filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Abdullah did not respond to the defendants' motion to dismiss, and the District Court granted the motion to dismiss pursuant to E.D. Pa. Local Rule 7.1(c), which states that "[i]n the absence of timely response, [a] motion may be granted as uncontested." Abdullah filed a timely notice of appeal to this Court.

We will affirm the District Court's judgment. The District Court here dismissed Abdullah's complaint due to his failure to comply with a local rule requiring parties to file briefs registering their opposition to any motion. We have previously concluded that, as a general matter, a complaint should not be "dismissed solely on the basis of the local rule without any analysis of whether the complaint failed to state a claim upon which relief can be granted, as provided in Fed. R. Civ. P. 12(b)(6)." Stackhouse v. Mazurkiewicz, 951 F.2d 29, 30 (3d Cir. 1991).

Even if the District Court erred in dismissing the complaint on this basis, however, we may affirm on any ground apparent in the record. See id., see also Hughes v. Long, 242 F.3d 121, 122 n.1 (3d Cir. 2001). Here, as the defendants argued in their motion to dismiss, Abdullah's complaint is plainly barred by principles of claim preclusion. The doctrine of claim preclusion bars a suit where there has been "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action." Lubrizol Corp. v. Exxon Corp., 929 F.2d 960, 963 (3d Cir. 1991). Those factors are satisfied here, where the District Court has

3

previously dismissed the same allegations against the same defendants for failure to state a claim. See Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 399 n.3 (1981); Cieszkowska v. Gray Line N.Y., 295 F.3d 204, 205-06 (2d Cir. 2002) (per curiam). While Abdullah now asserts a new legal theory, he could have presented that theory in a previous complaint, and the claim is therefore barred. See Churchill v. Star Enters., 183 F.3d 184, 195 (3d Cir. 1999).[1]

Accordingly, we will summarily affirm the District Court's judgment.

---

[1] The District Court did not rule on Abdullah's motion to remand the matter to state court. Because "the district court must be certain that federal subject-matter jurisdiction is proper before entertaining a defendant's motion under Federal Civil Rule 12 to dismiss the plaintiff's complaint for failure to state a claim upon which relief can be granted," 14C Charles Alan Wright et al., Federal Practice and Procedure § 3739 (4th ed. 2015), district courts should usually turn first to a motion to remand, see generally Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 411 (11th Cir. 1999). In this case, however, the District Court unquestionably possessed diversity jurisdiction, because the action was between citizens of different states and the amount in controversy exceeded $75,000. See 28 U.S.C. § 1332; Wachovia Bank v. Schmidt, 546 U.S. 303, 307 (2006) (discussing diversity rules for national banks). Abdullah argued that he presented only a state claim, but the District Court's jurisdiction was premised on the diversity of the parties, not the presence of a federal question. Moreover, while Abdullah claimed that the defendants did not remove the case before the expiration of the 30-day deadline imposed by 28 U.S.C. § 1446(b), that requirement is procedural, not jurisdictional, see Farina v. Nokia Inc., 625 F.3d 97, 114 (3d Cir. 2010), and, in any case, it appears that the defendants did remove the case within 30 days of being served with the complaint, see Murphy Bros. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 347-48 (1999).