CLD-392                                                        **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-2489
_____

WALIYYUDDIN S. ABDULLAH,
Appellant

v.

THE SMALL BUSINESS BANKING DEPARTMENT
OF THE BANK OF AMERICA;
THE SMALL BUSINESS BANKING DEPARTMENT
OF WELLS FARGO BANK

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2-16-cv-01439)
District Judge:  Honorable J. Curtis Joyner

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
August 25, 2016
Before:  FISHER, JORDAN and VANASKIE, <u>Circuit</u> <u>Judges</u>

(Opinion filed: September 7, 2016)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not

Pro se appellant Waliyyuddin Abdullah appeals the District Court's order dismissing his complaint. We have jurisdiction under 28 U.S.C. § 1291 and exercise plenary review over the District Court's order. Elkadrawy v. Vanguard Grp., Inc., 584 F.3d 169, 172 (3d Cir. 2009) (citing Jean Alexander Cosmetics, Inc. v. L'Oreal USA, Inc., 458 F.3d 244, 248 (3d Cir. 2006)). For the reasons set forth below, we will summarily affirm the District Court's judgment. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

In February 2016, Abdullah filed a complaint in the Philadelphia County Court of Common Pleas, which Wells Fargo and Bank of America ("the defendants") removed to the District Court. In the complaint, Abdullah alleged that the defendants violated his rights under the Pennsylvania Human Relations Act when they refused to grant him a small-business loan. The defendants moved to dismiss. In response, Abdullah asked the District Court to remand to state court.

This was Abdullah's fifth complaint concerning the defendants' refusal to extend a loan to him. He filed the first complaint in January 2013; the District Court dismissed that complaint due to its failure to state a claim. See E.D. Pa. Civ. A. No. 13-cv-0305. We summarily affirmed the District Court's judgment. See Abdullah v. Small Bus. Banking Dep't of Bank of Am., 532 F. App'x 89 (3d Cir. 2013) (non-precedential). Abdullah filed two more complaints in the District Court, which outlined his continued inability to obtain a loan. See E.D. Pa. Civ. A. Nos. 14-cv-5394 & 14-cv-5931. The

---

constitute binding precedent.

2

District Court dismissed both complaints for failure to state a claim. Abdullah appealed the judgment in only the latter case, but the Clerk ultimately dismissed the appeal because Abdullah failed to pay the filing fee. Abdullah then filed a fourth complaint, which the defendants removed to District Court. The defendants filed a Rule 12(b)(6) Motion to Dismiss, but Abdullah did not respond aside from an attempt to remand the case. The District Court granted the Motion to Dismiss as unopposed under the local rules. We summarily affirmed, but on the ground of claim preclusion – specifically, that the District Court had previously dismissed the same allegations against the same defendants for failure to state a claim. See Abdullah v. Small Bus. Banking Dep't of Bank of Am., 628 F. App'x 83, 84 (3d Cir. 2016) (non-precedential).

The District Court correctly dismissed this action. As the defendants argued in their motion to dismiss, Abdullah's complaint is plainly (again) barred by principles of claim preclusion. The doctrine of claim preclusion bars a suit where there has been "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action." Lubrizol Corp. v. Exxon Corp., 929 F.2d 960, 963 (3d Cir. 1991). Those factors are satisfied here, where the District Court has previously dismissed the same allegations against the same defendants for failure to state a claim. See Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 399

3

n.3 (1981); <u>Cieszkowska v. Gray Line N.Y.</u>, 295 F.3d 204, 205-06 (2d Cir. 2002) (per curiam).[1]

Accordingly, we will summarily affirm the District Court's judgment.

---

[1] The District Court properly rejected Abdullah's request to remand, for the reasons we stated in our prior opinion. <u>See</u> 628 F. App'x at 84 n.1. Specifically, the District Court unquestionably possessed diversity jurisdiction, because the action was between citizens of different states and the amount in controversy exceeded $75,000. <u>See</u> 28 U.S.C. § 1332; <u>Wachovia Bank v. Schmidt</u>, 546 U.S. 303, 307 (2006) (discussing diversity rules for national banks). Abdullah argued that he presented only a state claim, but the District Court's jurisdiction was premised on the diversity of the parties, not the presence of a federal question. Moreover, while Abdullah claimed that the defendants did not remove the case before the expiration of the 30-day deadline imposed by 28 U.S.C. § 1446(b), that requirement is procedural, not jurisdictional, <u>see</u> <u>Farina v. Nokia Inc.</u>, 625 F.3d 97, 114 (3d Cir. 2010), and, in any case, it (again) appears that the defendants did remove the case within 30 days of being served with the complaint, <u>see</u> <u>Murphy Bros. v. Michetti Pipe Stringing, Inc.</u>, 526 U.S. 344, 347-48 (1999).